IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARGARITA PINEDA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  NO. EP-12-CV-353-RFC<br>)  (by consent) |
| CAROLYN W. COLVIN,[1]<br>Acting Commissioner of the Social<br>Security Administration,<br>    Defendant. | )<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

**PROCEDURAL HISTORY**

On January 15, 2010, Plaintiff filed her application for supplemental security income due to impairments that she initially alleged became disabling on December 31, 2009; the onset date was amended to January 15, 2010, at the March 10, 2011, hearing. (R:37, 167-175) The application was

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

denied initially and on reconsideration. (R:50-57, 61-64) Pursuant to Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to review Plaintiff's application *de novo* on March 10, 2011, at which Plaintiff was represented by an attorney and testified with the aid of an interpreter, and at which a vocational expert testified. (R:28, 30, 37-39, 77) The ALJ issued his decision on July 7, 2011, denying benefits on the basis that Plaintiff could perform her past relevant work. (R:22-23) Plaintiff's request for review was denied by the Appeals Council on July 5, 2012. (R:1-8)

On September 4, 2012, Plaintiff submitted her complaint along with a motion to proceed *in forma pauperis*. (Doc. 1) The motion was granted and her complaint was filed. (Docs. 4-5) The Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings on November 14, 2012.[2] (Docs. 14, 16-17) On January 14, 2013, Plaintiff's brief was filed. (Doc. 21) On February 8, 2013, the Commissioner filed a brief in support of the decision to deny benefits. (Doc. 22)

## ISSUE

Plaintiff contends the ALJ committed reversible error in failing to evaluate the limiting effects of Plaintiff's obesity. (Doc. 21:2)

## DISCUSSION

**I.    Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the

---

[2] Both parties having filed notices of consent to proceed before a Magistrate Judge, this cause was reassigned to this Court on December 3, 2012, by order of United States District Judge David C. Guaderrama. (Docs. 3, 15, 19)

Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**II.     Evaluation Process**

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates

disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity ("SGA"); 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work ("PRW"); and, 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The ALJ assessed the claimant's residual functional capacity ("RFC"), i.e., what he can still do despite his limitations or impairments, before making a determination at steps 4 and 5. 20 C.F.R. § 404.1545(a); Social Security Ruling ("SSR") 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

## III.   The ALJ's Hearing Decision

After having found that Plaintiff had severe impairments consisting of diabetes mellitus and hypothyroidism, that neither alone nor in combination met or medically equaled one of the listed impairments, the ALJ found that Plaintiff has the RFC to perform a full range of medium work as defined in the regulations. (R:18-22)  At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a child caregiver, housekeeper, cleaning/janitorial worker, and sewing machine operator. (R:22)  The ALJ concluded that Plaintiff had not been under a disability, as

4

defined in the Social Security Act, since January 15, 2010, through the date of the decision. (R:22-23)

IV.  **Analysis**

Plaintiff's single contention is that the ALJ failed to consider the impact of her obesity on her impairments and limitations as required by SSR 02-1p, resulting in an inaccurate RFC used to determine whether she was able to perform her prior work. (Doc. 21:2-4)  Plaintiff concedes that the ALJ mentioned Plaintiff's height, weight, and Body Mass Index (BMI) in discussing Plaintiff's RFC. (Doc. 21:3 n. 2, citing R:20)  Plaintiff argues that the ALJ did not recognize and consider that Plaintiff's allegations of feeling very tired, experiencing back pain and dizzy spells, and having difficulty standing, walking, and sitting for long periods are some of the possible limiting effects of obesity that SSR 02-1p sets forth. (Doc. 21: 4)

An ALJ's failure to consider obesity is harmless and does not constitute reversible error absent a showing of prejudice. *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (addressing the general rule that remand is required where an agency violates its own rules and prejudice results). Even if the Court were to find that the ALJ erred by failing to explicitly discuss Plaintiff's alleged functional limitations in relation to her acknowledged obesity, any such error is harmless and Plaintiff is not entitled to relief.

The ALJ did not explicitly consider Plaintiff's obesity in relation to her allegations of back pain, dizzy spells, difficulty standing, walking, and sitting, or feeling tired.  Nor did the ALJ explicitly find those specific allegations not credible.  The ALJ did find Plaintiff's allegations of disabling symptoms to be unsupported, undermined, or contradicted by the record—essentially not credible. (R:18, 21-22, 31-32)  The ALJ stated that the RFC was supported by the lack of evidence

to corroborate Plaintiff's allegations of disabling impairments and by the opinions of the State agency physicians. (R:22)

On March 1, 2010, John Durfor, M.D., a State agency medical consultant ("MC"), assessed Plaintiff as having a RFC for medium work, noting the evidence of Plaintiff's diabetes, high blood pressure, thyroid problems, heart murmur, and obesity. (R:321-328) The MC noted Plaintiff's allegations of difficulty with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, hearing, climbing, and seeing and found that such allegations were unsupported by the record and inconsistent with her daily activities. (R:328)

On May 24, 2010, Bonnie Blacklock, M.D., another State agency MC, recognized Plaintiff's diagnoses of diabetes, hypertension, hypothyroidism, and obesity; noted that Plaintiff had a normal range of motion and the absence of any evidence of neuropathy, musculoskeletal impairment, or end organ damage; and also found that Plaintiff had a RFC for medium work. (R:361-368)

Plaintiff submitted a disability report on June 8, 2010, alleging pain in her legs and wrists, stating that she had broken her right arm, was wearing a cast, and had to have her daughter's help to shower, groom, and cook meals; listing medications for high blood pressure, diabetes, allergies, and thyroid, stating that she experienced no side effects from these medications. (R:216-219) Plaintiff's medical records from May through July 2010 reflect x-rays to investigate a suspected closed wrist fracture (R:380-383), the use of a splint (R:379), follow up x-rays showing no fracture present in her wrist (R:385, 389), an assessment of veins tenosynovitis (R:385), instructions to discontinue the splint (R:389), and a steroid injection (R:390).

In September 2010, Plaintiff sought treatment for a toe/foot contusion—a moderate direct blow injury to the toes on her left foot that occurred when she stubbed her toe on the railing of the

shower door. (R:409) At its worst, the pain was 8 out of 10, and the only deficit noted was a limited range of motion in the left ankle. (R:410) X-rays were taken, the affected toes were buddy taped and Plaintiff was given a post-op shoe, treated with an ice pack and Vicodin, and discharged for self care with crutches. (R:413)

In January 2011, Plaintiff sought treatment for bilateral lower extremity pain of unknown cause that she alleged to have been experiencing for three months. (R:397-398) Records note that the pain was a 2 out of 10 on a pain scale and at their worst the symptoms were mild. (R:398, 400) No neurological or musculoskeletal deficits were noted. (R:398) Her range of motion was intact in all extremities. (R:401) She ambulated without assistance. (R:397) She was in no apparent distress. (R:398) And she was discharged with prescriptions for pain medication. (R:402)

Before Plaintiff's revised onset date, in August 2009 and again in December 2009, Plaintiff expressed no complaints to her doctor, and examination findings were essentially normal. (R:278-281, 293-295) Until January 2011, Plaintiff's medical records reflect only complaints of symptoms or functional limitations related to her short-term injuries or illnesses—a urinary tract infection (R:284-285), a cough (R:290-292), a wrist injury (R:218, 369-383, 389-391), an injury to her toe (406-413), an upper respiratory infection- bronchitis (R:421)—and on examination, findings were essentially normal, with no other deficits detected. As the ALJ noted, Plaintiff did not complain of ongoing symptoms from her wrist injury or any of her other short term injuries or illnesses or chronic conditions when she was seen in January 2011. (R:18)

Although some of the medical records mention Plaintiff's obesity, none of the examining doctors suggest that Plaintiff experienced any functional limitations from her chronic conditions of diabetes or hyperthyroidism, nor any limitations caused by or exacerbated by her obesity. (R: 280,

7

285, 288, 291, 294)  The lack of physician-assessed limitations can provide substantial support for an ALJ's credibility determination. *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (citation omitted).

Based on the evidence in the record, it is inconceivable that a different administrative conclusion would have been reached had the ALJ addressed Plaintiff's obesity more explicitly or in more detail.  Any error in not having done so is therefore harmless.  Substantial evidence of record supports the ALJ's decision.  Plaintiff is not entitled to relief.

## **CONCLUSION**

For the reasons set forth above, the Court concludes that the ALJ's findings are not the result of reversible error and are supported by substantial evidence.  The Commissioner's decision is, therefore, AFFIRMED.

**SIGNED** and **ENTERED** on September 3, 2013.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE